IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-548-RJC

| | |
|---|---|
| TIMOTHY CLARK ANSEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | *ROSEBORO* ORDER |
| ) | |
| ROY COOPER, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Judgment as a Matter of Law, (Doc. No. 7), and Motion for Summary Judgment, (Doc. No. 6). Respondent has also filed a Motion for Summary Judgment, (Doc. No. 11).

Petitioner's Motion for judgment as a Matter of Law asks this Court to enter judgment in his favor due to Respondent's failure to answer the petition. At the time Petitioner filed his motion, the Court had not yet ordered Respondent to answer. On January 11, 2012, the Court ordered Respondent to answer. (Doc. No. 9). Respondent has now done so. Petitioner's Motion for Judgment as a Matter of Law, (Doc. No. 7), is **DENIED**. The Court will address Petitioner's Motion for Summary Judgment, (Doc. No. 6), at the same time that it deals with the Respondent's motion, (Doc. No. 11).

The court further advises Petitioner of his obligations in responding to Respondent's Motion for Summary Judgment, (Doc. No. 11). The Court of Appeals for the Fourth Circuit has made very clear to the trial courts the necessity of not only advising a *pro se* litigant of his right and obligation in responding to a summary judgment motion that is supported by evidentiary material, but in advising the litigant of the *manner* in which responsive evidentiary materials must be filed:

> As a general rule, if materials "outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ..., and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b); *see Gay v. Wall*, 761 F.2d 175, 177-78 (4th Cir.1985). Citing, *inter alia*, Richardson's failure to present evidence, the district court granted Freedom's motion. The district court did not provide Richardson with the notice required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir.1975). *Roseboro* prohibits the entry of summary judgment based on a *pro se* party's failure to submit affidavits supporting her allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action. *Id.* Although Richardson responded to Freedom's motion, she did not submit any affidavits in support of her claims. The district court granted Freedom's motion, in part, based on Richardson's failure to produce such supporting evidence. On this record, we cannot find that the district court's failure to provide Roseboro notice was harmless error. *See* Fed.R.Civ.P. 61; Fed.R.Civ.P. 56(e). We therefore vacate that part of the district court's order granting summary judgment to Freedom and remand this case to the district court with instructions to provide Richardson with the notice and opportunity to respond to which she is entitled.

Richardson v. Powel, 166 Fed. Appx. 700, 701-02, 2006 WL 372433, at *1 (4th Cir. 2006).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding *pro se*, of the heavy burden that he carries in responding to Respondent's Motion for Summary Judgment. Rule 56(e)(2), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the adverse party.

FED. R. CIV. P. 56(e)(2). This language means that if Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this court in a form that would otherwise be admissible at trial–that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or unsworn statements must

be presented by Petitioner to this Court within 14 days of the entry of this Order. As provided by Rule 56(e)(2), Petitioner's failure to respond may result in granting summary judgment to Respondent–that is, the dismissal of the petition with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Judgment as a Matter of Law, (Doc. No. 7), is **DENIED**; and

2. Petitioner must respond and submit any evidentiary materials in opposition to respondent's Motion for Summary Judgment, (Doc. No. 11), within fourteen (14) days of the date of this Order.

Signed: February 9, 2012

Robert J. Conrad, Jr.
Chief United States District Judge