UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-548-RJC

| TIMOTHY CLARK ANSEL, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| ROY COOPER, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court on both parties' Motions for Summary Judgment. (Doc. Nos. 6; 11).

I. **BACKGROUND**

Petitioner is a state prisoner who, on October 31, 1996, in Gaston County Superior Court, the Honorable Robert E. Gains presiding, pled guilty to assault with a deadly weapon with intent to kill inflicting serious injury, two counts of kidnaping, two counts of robbery with a dangerous weapon, breaking and entering, two counts of larceny, and conspiracy to commit robbery with a deadly weapon, and was sentenced to three consecutive terms of 100-129 months' imprisonment, in cases 96 CRS 6185-6190 and 10777. (Doc. Nos. 12-2; 12-3). Petitioner was represented by Kellum Morris and did not appeal.

On June 10, 2010, Petitioner filed a pro se motion for appropriate relief ("MAR") in Gaston County Superior Court. (Doc. No. 12-4). On July 7, 2010, Petitioner filed a pro se motion to amend his MAR. (Doc. No. 12-5). On July 30, 2010, the Honorable Jesse B. Caldwell, III, summarily denied the MAR. (Doc. No. 12-6). On August 31, 2010, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 12-7). On September 8, 2010, the State filed its

response. (Doc. No. 12-8). On September 10, 2010, Petitioner dated a pro se response and submitted it to the North Carolina Court of Appeals. (Doc. No. 12-9). Also, on September 10, 2010, certiorari was denied. (Doc. No. 12-10). Petitioner dated his pro se federal habeas application form October 16, 2010, and it was file-stamped in this Court on November 1, 2010.[1] (Doc. No. 1).

Petitioner brings the following grounds for relief in his § 2254 petition: (1) the December 1, 2009, amendments to North Carolina's Structured Sentencing Act ("SSA") must be made retroactive under structured sentencing; (2) failure to make the December 1, 2009, amendments retroactive violates Petitioner's right to equal protection under the Fourteenth Amendment; and (3) failure to make the December 1, 2009, amendments retroactive violates Petitioner's right to be free from cruel and unusual punishment under the Eighth Amendment.[2]

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible

---

[1] Respondent filed the pending summary judgment motion on January 24, 2012. On February 9, 2012, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 13).

[2] Petitioner did not file his federal habeas petition until approximately fourteen years after his conviction became final within the meaning of 28 U.S.C. § 2244(d)(1)(A). Petitioner contends in the petition, however, that the petition was timely because it was filed within one year of the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). Petitioner notes that he filed his petition within one year of December 1, 2009, when the North Carolina Structured Sentencing Act amendments went into effect.

inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

The Court's task is no different where cross motions for summary judgment are filed. "The role of the court is to 'rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard.'" Subterranean Constr. Co., Inc. v. W.D. Curran & Assocs., Inc., No. 04–3861, 2005 WL 2065231, at *2 (quoting Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co., 627 F. Supp. 170, 172 (D.Md.1985)). "However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they 'may be probative of the non-existence of a factual dispute.'" Id. (quoting Shook v. United States, 713 F.2d 662, 665 (11th Cir.1983)).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]" Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405). A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e] Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300–01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply[ ]") (citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786–87.

### III. DISCUSSION

A. Contention One–The December 1, 2009 Amendments to North Carolina's Structured Sentencing Act Must be Made Retroactive.

In 2009, the North Carolina legislature amended the North Carolina Structured Sentencing Act ("SSA"), reducing the sentence lengths for certain crimes. The December 1, 2009 amendments to the SSA were expressly made prospective only. See N.C. GEN. STAT. § 15A-1340.17 (2009) ("effective December 1, 2009, and [applicable] to offenses committed on or after that date"). In his first contention on habeas review, Petitioner contends that the December 1, 2009, amendments to the SSA must be made retroactive. To support this contention, Petitioner asserts that under 18 U.S.C. § 3582(c)(2), a defendant may move for reduction of sentence when the sentencing range under which his sentence was imposed is lowered. Petitioner raised the substance of this contention in his MAR and in his amendment to the MAR. (Doc. Nos. 12-4; 12-5). The MAR Court summarily denied Petitioner's claim on its merits.

The MAR Court's summary denial is neither contrary to nor an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, nor is it based on an unreasonable determination of the facts, in light of the evidence presented in the

state court proceedings.  First, Section 3582(c)(2) is a federal criminal statute and does not apply to a state prisoner sentenced under state law.  Furthermore, clearly established Supreme Court precedent does not prohibit a state legislature from prospectively reducing the maximum sentence for a crime even though prisoners sentenced before enactment of the state sentencing law will serve a longer term of imprisonment than prisoners sentenced after enactment of the sentencing law.  In other words, a habeas petitioner has no federal constitutional right to retroactive application of more lenient state sentencing laws where the state legislature or the state courts have indicated that the laws are to be applied prospectively only.  See Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004) (petitioner's federal constitutional rights were not violated by "the more lenient sentencing rules from which Petitioner seeks to benefit"); McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991) (prospective application of state sentencing law did not violate equal protection for those prisoners sentenced under prior sentencing scheme).  In sum, Petitioner's first contention is without merit.

      B.      Contentions Two and Three–Failure to Make the December 1, 2009, Amendments to the SSA Retroactively Applicable Violates Petitioner's Right to Equal Protection under the Fourteenth Amendment and his Right to be Free from Cruel and Unusual Punishment under the Eighth Amendment.

Petitioner contends that the failure to make the December 1, 2009, amendments retroactively applicable would violate Petitioner's rights under the Equal Protection clause of the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment.  These contentions re-hash Petitioner's first contention, and the Court will

dismiss them for the same reasons given as to dismissal of Petitioner's Contention One.[3] There is no clearly established Supreme Court precedent recognizing a Fourteenth or Eighth Amendment violation where state court prisoners are given longer sentences than other state court prisoners due to the fact that a state sentencing law has been applied prospectively only. In sum, Petitioner's second and third contentions are without merit.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment. To this extent, the Court will deny Petitioner's motion for summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED** and the § 2254 petition is dismissed with prejudice. Petitioner's Motion for Summary Judgment, (Doc. No. 6), is **DENIED**; and

2. It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322,

---

[3] In support of this argument, Petitioner cites an Order by a North Carolina court on a motion for appropriate relief, in which the MAR court determined that a state sentencing law had to be applied retroactively to a prisoner. See (Doc. No. 3-1: State v. Jameson, Order on Motion for Appropriate Relief, 01CRS 14, 8169 (June 10, 2010 Sup. Ct. Moore Cnty.)). As Respondent notes, Petitioner and the prisoner in State v. Jameson are not similarly situated, and the state MAR court itself stated that "equity requires retroactive application for this defendant . . . and does not offer any opinion as to whether any other defendant would be considered similarly situated." (Id. at 3) (emphasis in original). In any event, on habeas review, this Court considers only whether the state court adjudication was contrary to or an unreasonable application of clearly established Supreme Court law. Thus, on federal habeas review, the Court may not grant relief to a habeas petitioner even if a state court adjudicated a claim in a manner that was contrary to or an unreasonable application of a state court decision, as long as the adjudication was neither contrary to nor an unreasonable application of clearly established Supreme Court law.

338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 21, 2012

Robert J. Conrad, Jr.
Chief United States District Judge